JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03469-RGK (Ex) | Date | May 23, 2013 |
|---|---|---|---|
| Title | *Ahrens v. U.S. Security Associates et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order to Remand**

On November 28, 2012, Melody Ahrens ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against her employer, U.S. Security Associates ("U.S. Security") and her supervisor, Soames Navarro ("Navarro"). Plaintiff's claims arise from her employment as a security guard with U.S. Security. She alleges various state discrimination and general tort claims. When the Complaint was filed, the parties were not diverse, because Plaintiff and Navarro are both California citizens.

On April 30, 2013, Plaintiff and U.S. Security attended a case management conference before the Superior Court. At the proceeding, Defendant Navarro was dismissed because Plaintiff failed to serve him with the Complaint. Navarro's dismissal created diversity between the parties, and on May 15, 2013, U.S. Security timely removed this case on the basis of diversity jurisdiction. However, for the reasons below, the Court finds diversity jurisdiction is not satisfied because U.S. Security cannot prove the requisite amount in controversy. Thus, this action is **REMANDED**.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). A court may also consider supplemental evidence submitted by the removing defendant that was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). The defendant bears the burden of proof. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where the complaint is either unclear or ambiguous as to the amount of damages, defendant need only prove "by a preponderance of the evidence" that the amount in controversy has been met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Here, U.S. Security has not met its burden to establish the threshold amount in controversy. U.S.

Security contends that the amount in controversy had been met, and lists the types of damages Plaintiff alleged in the Complaint. However, U.S. Security fails to assign any monetary estimates to Plaintiff's requested relief. Therefore, the Court cannot ascertain whether the amount in controversy was met.

     Accordingly, U.S. Security has failed to demonstrate by a preponderance of the evidence that Plaintiff's damages exceed $75,000. Thus, the Court finds that removal is improper and **REMANDS** this action to state court.

     **IT IS SO ORDERED.**

                                                                                                                :

Initials of Preparer